Filed 1/6/16  In re W.R. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re W.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>W.R.,<br><br>        Defendant and Appellant. | A144659, A145118<br><br>(San Francisco County<br>Super. Ct. No. JW146119) |

Appellant W.R. appeals the juvenile court's order assigning him to out-of-home placement and later denying his motion to modify that order.  Since we find the juvenile court did not abuse its discretion, and substantial evidence supports the finding of the court that home placement is contrary to appellant's rehabilitation and to public safety, we affirm the judgments by the trial court.

## STATEMENT OF THE CASE

This appeal arises from a dispositional order by the San Francisco Superior Court at the end of a series of wardship petitions and probation violations by appellant.[1]  The

---

[1] This case presents two appeals concerning appellant minor that were consolidated. Case No. A144659 is an appeal from an order dated January 23, 2015, in which the minor was ordered to an out-of-home placement.  Case No. 145118 is an appeal from an order dated April 30, 2015, which was a denial of appellant's motion under Welfare and Institutions Code section 778, seeking modification of the January order.

minor moved between his divorced parents' homes, hence the procedural history of the case shifts between the superior courts of San Mateo and San Francisco counties.

### A. Original San Mateo County Petition.

On January 15, 2013, the San Mateo County District Attorney filed an original wardship petition under Welfare and Institutions Code section 602 charging appellant with possession of a dirk or dagger (Pen. Code, § 21310, count 1), battery (Pen. Code, § 242, count 2), and resisting arrest (Pen. Code, §148, subd. (a)(1), count 3). At his jurisdictional hearing, appellant admitted a violation of count 1, with the remaining counts dismissed. At his disposition hearing, the court found minor a ward of the court and removed custody from his parents but ordered him to reside with his mother under the supervision of the Family Preservation Program.

### B. Second San Mateo County Petition.

On July 24, 2013, the San Mateo District Attorney filed a second wardship petition accusing appellant of vandalism (Pen. Code, § 594, subd. (b)(2)(A)). The minor admitted the charge on August 14, 2013. Minor's supervision under the Family Preservation Program was extended and he was detained at the Youth Services Center for 24 consecutive days.

### C. Probation Violations in San Mateo County.

The probation officer filed a notice of probation violation against appellant under Welfare and Institutions Code section 777, subdivision (a) on December 19, 2013. The petition alleged minor failed to attend the Community Care Program, was truant in school attendance, failed to observe curfew, and tested positive for marijuana. The minor admitted the truancy violation and the court dismissed the remaining allegations. As a result of the violation, the court ordered 30 consecutive days of detention.

On March 5, 2014, the juvenile probation department filed a new notice of probation violation. The notice alleged continued truancy, failure to attend Community Care Program, failure to follow his curfew restrictions, and positive tests for marijuana

use.  The minor admitted to truancy and the remaining contentions were dismissed.  He was ordered detained for 45 consecutive days and the court terminated the original condition placing the minor in the Family Preservation Program.  On April 17, 2014, the court permitted the minor to reside with his father at his home, as well as with his mother at her residence, after the probation officer agreed with the recommendation.

The San Mateo Superior Court ordered the minor's case transferred to San Francisco on April 28, 2014.  San Francisco County did not accept the transfer and the case went back to San Mateo County on May 19, 2014.

### D.  Third Petition Filed in San Francisco County.

On September 5, 2014, the San Francisco District Attorney filed a third wardship petition charging appellant with robbery (Pen. Code, § 211, count 1), assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4), count 2), and false personation (Pen. Code, § 148.9, subd. (a), count 3).  After a contested jurisdiction hearing, the trial court found the allegations not true and returned the case back to San Mateo County on October 1, 2014.

### E.  Fourth and Fifth Petitions Filed in San Mateo County.

A fourth wardship petition was filed on October 3, 2014, alleging false personation (Pen. Code, 148.9, subd. (a)), possession of vandalism tools (Pen. Code, § 594.2, subd. (a)) and possession of cigarettes (Pen. Code, § 308, subd. (b)).  A fifth wardship petition was filed in the same county on October 9, 2014, for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and resisting arrest (Pen. Code, § 148, subd. (a)(1)).  On October 24, 2014, the minor admitted the possession charge in the fifth petition and the remaining allegations were dismissed.

### F.  Sixth Petition is Filed in San Mateo County and the Disposition Transferred to San Francisco County.

A new petition was filed on December 9, 2014.  It alleged vandalism (Pen. Code, § 594, subd. (d)(2)).  The minor admitted the charge at the initial hearing on

3

December 15, 2014.  The San Mateo court transferred the case to San Francisco and San Francisco accepted the transfer.  On January 23, 2015, the court continued the minor as a ward but ordered out-of-home placement.  Appellant filed a timely appeal.

### G. Denial of Motion to Modify Disposition.

On April 20, 2015, the minor moved to modify the order imposing out-of-home placement.  He alleged changed circumstances pursuant to Welfare and Institutions Code section 778.  The court denied his motion on April 30, 2015.  The minor filed a timely appeal.

### DISCUSSION

As indicated above, the history of this case reflects an ongoing pattern of failure by appellant to comply with California penal statutes and orders carefully imposed by the juvenile court and his probation officers.  When the San Francisco Superior Court finally ordered out-of-home placement, which is now challenged, it did so only after the minor demonstrated home placement was obviously unsuccessful.  Though appellate counsel argues to the contrary, it is difficult for this court to see any abuse of discretion by the juvenile court in this decision.  Nor can it be said the court was abusing its discretion four months later when it denied minor's request to modify this sentence.

The juvenile court has broad discretion in determining what is an appropriate disposition for offenders.  (See Welf. & Inst. Code, § 202; [2] *In re Asean D.* (1993) 14 Cal.App.4th 467, 473; *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395.)  We will only reverse a commitment order by the juvenile court if it is demonstrated the court abused its discretion.  (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329–1330.)  It is not an abuse of discretion for a court, especially under these facts, to select the more

---

[2] Unless otherwise stated all future statutory references are to the Welfare & Institutions Code.

4

restrictive placement when less restrictive choices have already been considered and naturally found unsuccessful. (*In re Eddie M.* (2003) 31 Cal.4th 480, 507.)

It is fundamental that, as an appellate court, we will not readily substitute our judgment for that of a trial court exercising dispositional options; rather, we indulge all reasonable inferences in favor of the juvenile court's determinations so long as they are supported by substantial evidence. (*In re Robert H., supra*, 96 Cal.App.4th at p. 1330.) When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272; see *In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 421.)

Any disposition imposed by the juvenile court obligates the court to consider not only public safety but also to assure the minor receives the necessary care, treatment and guidance compatible with the safety interest. (§ 202, subd. (b).) The disposition must consider the rehabilitative purpose, which can involve restrictions consistent with protecting the public. (*In re Carl. N.* (2008) 160 Cal.App.4th 423, 433.) The 1984 amendments to the code in fact support further punishment and public protection, but rehabilitation is an important concern for the juvenile court. (*In re Teofilio A.* (1989) 210 Cal.App.3d 571, 576.)

A review of the record since appellant's case was assigned to San Francisco County in December 2014 indicates that court clearly articulated its concerns regarding the minor's behavior. On December 23, 2014, when the court denied the minor's release pending disposition, the judge told appellant methamphetamine, which he was charged with possessing, is "a very serious drug." After appellant challenged the court further on release, the court advised him, "[Y]ou have too much criminal conduct, too much stuff happening with you. . . . [Y]ou've been given chance after chance and you keep getting arrested. . . . I don't know much about your dad and I want to take a look at this

5

probation report before I figure out what the disposition should be and where you should be released."

The disposition hearing was held on January 2, 2015. The probation department recommended Log Cabin Ranch due to "the abysmal success on probation time after time, after time, after time . . . . [¶] [The minor] has violated the terms of *every probation he's been given*." (Italics added.) The court noted the minor had been regularly violating curfew and proof of truancy was established in the record. The judge then advised appellant, "Let me tell you something: It's time. You're 15. It's time to stop your nonsense." The district attorney concurred with the Log Cabin Ranch recommendation by the probation department. When appellant asked to speak with his family, the court again stated: "You need to understand . . . . I mean business this time. [¶] You need to understand that. It's time."

The hearing on disposition was continued to January 23, 2015, for the court to receive a psychological evaluation in the matter. Appellant asked for another chance so he could go to school and engage in athletics. The court had an evaluation submitted by a social worker retained by the minor. The prosecutor and probation maintained their recommendation for Log Cabin Ranch.

The court then observed: "[D]ad has had certain very serious issues in my opinion. Dad has been intimidating to mom. Dad is convicted of a domestic violence offense towards mom. Dad . . . was escorted out of the Youth Services Center. Dad had some choice language when he was escorted out that I don't need to repeat. Dad has anger issues, and dad has been disrespectful to this young man's mother. [¶] And according to . . . Probation, this young man has himself been very disrespectful to his mother. And I don't think it's going to be very helpful to have him go live with his father again because he has lived with his father." The court noted that "without a lot more structure" the minor will be back on the street engaging in "incendiary crimes." In ordering out-of-home placement, the court did permit the probation department to

consider a return home by the minor on a trial basis after completion of a program at an assigned facility. The court also directed individual counseling and family counseling at the location the minor was placed.

In summary, the record contains substantial evidence the court ordered out-of-home placement for the minor based on dual concerns for public safety and the minor's rehabilitation. There was nothing random about the disposition; it was reflective of an appropriate choice after due consideration of less restrictive options without even marginal success.

We further find the juvenile court did not abuse its discretion when it denied appellant's motion to modify placement. Under section 778, the minor may seek modification of an order upon "grounds of change of circumstance or new evidence." (§ 778, subd. (a)(1).) Any change by the court rests in the sound discretion of that tribunal, and absent clear showing that discretion was abused, the appellate court is not free to change that order. (*In re Corey* (1964) 230 Cal.App.2d 813, 831–832.)

In this case, appellant was placed at Courage to Change group home. However, he refused to go when the representative arrived at Youth Guidance Center to pick him up on April 7, 2015. Other group homes rejected the minor. On April 20, 2015, minor's counsel filed his modification motion claiming the delay was excessive and an uncle for the appellant was prepared to offer him bed space in his home.

The prosecutor opposed any change in placement. She contended the uncle could not provide the structured environment available in a group home or Log Cabin Ranch. She also noted any personality change by appellant during this period was attributed to his consistent taking of medication and the structure of detention. When the minor was living with a parent, he violated curfew and engaged in inappropriate behavior. The court denied the motion for modification.

The court appropriately denied the modification. The record indicates appellant desired to defeat any placement in a group home during this three-month period. When

7

interviewed by Thunder Road, the minor denied regular drug use or gang association, even though he had associated with Norteños, admitted to several persons during his contacts with probation he used marijuana weekly, and had a possession of methamphetamine charge sustained. Because of his deception, Thunder Road rejected him. When interviewed by Aaron's Boys Home, appellant demonstrated "a poor attitude regarding placement." He was denied because of his attitude. Finally, he refused to leave with the representative of Courage to Change when that person came to Juvenile Hall.

Appellant was not placed during the time after disposition because he demonstrated he was unwilling to commit to the prerequisites for placement in appropriate programs. It continued to be the court's impression, based on this record, the minor needed "more structure than he can get in the community right now." It is also apparent that while in the structure of Juvenile Hall during this same period, appellant was improving, according to his teachers. The court believed placement with an uncle would stifle that improvement.

We conclude the court properly denied the modification motion.

## CONCLUSION

In summary, we find no abuse of discretion by the trial court in the original sentence of out-of-home placement and in the court's subsequent decision to deny any modification. After all the opportunities presented to appellant, his ultimate sentence reviewed here is appropriate.

## DISPOSITION

The judgment is affirmed.

8

                           _____

                           DONDERO, J.

We concur:


_____

MARGULIES, Acting P.J.


_____

BANKE, J.


A143659/A145118